HAMPTON, Acting Inspector of Immigration Service, v. WONG GING.

SAME v. WONG DICK.

(Circuit Court of Appeals, Ninth Circuit. June 9, 1924.)

Nos. 4189, 4190.

1. **Aliens** ⬉47—**Statute relating to deportation held applicable to aliens convicted of having opium in their possession.**

Act Cong. Feb. 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 4289¼jj, 4289¼k), §§ 19, 20, relating to deportation of aliens, and authorizing recommendation by court to Secretary of Labor that aliens be not deported, *held* applicable to aliens convicted of having opium in their possession, in violation of Act May 26, 1922 (Comp. St. Ann. Supp. 1923, § 8800 et seq.).

2. **Poisons** ⬉4—**Possession of opium not unlawful.**

Mere possession of opium is not in itself unlawful.

3. **Aliens** ⬉53—**Record reciting that aliens ordered deported had been convicted of "having opium in his possession" held insufficient to show commission of crime involving moral turpitude.**

In habeas corpus proceedings by aliens ordered deported, judgment discharging aliens will not be disturbed, where record states merely that each alien was convicted of "having opium in his possession," since record does not show commission of crime of such aggravated character as to involve moral turpitude.

Appeals from the District Court of the United States for the Northern Division of the Eastern District of Washington; J. Stanley Webster, Judge.

Petitions by Wong Ging and Wong Dick for writs of habeas corpus against Alfred Hampton, as Acting Inspector in Charge of Immigration Service. From an order discharging petitioners from custody, defendant appeals. Affirmed.

Two identical cases are here presented. The appellees, respectively 78 and 76 years of age, who have resided in the United States more than 40 years, were each found guilty of having opium in his possession, and each was sentenced to 90 days in the county jail. In each case the trial court made, under the provisions of section 19 of the Act of February 5, 1917 (39 Stat. 874 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj]), a recommendation to the Secretary of Labor that the alien should not be deported. Notwithstanding the recommendation, deportation proceedings were instituted. Thereupon the appellees filed their petitions in the court below for habeas corpus, alleging that they were illegally imprisoned and restrained of their liberty by the acting inspector of immigration. Upon the hearing on the writ it was ordered that the appellees be discharged from custody. From that order the present appeals are taken.

---

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Frank R. Jeffrey, U. S. Atty., and H. Sylvester Garvin, Asst. U. S. Atty., both of Spokane, Wash., for appellant.

E. O. Connor, of Spokane, Wash., for appellees.

Before GILBERT, ROSS, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] Upon behalf of the appellant it is contended that the Act of February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼a et seq.), under which the court's order was made, recommending that the appellees be not deported, is not applicable to a conviction had upon the Act of May 26, 1922 (42 Stat. 596 [Comp. St. Ann. Supp. 1923, § 8800 et seq.]), and it is contended further that in any event the offense of which the appellees were charged did not involve moral turpitude, within the purview of the Act of February 5, 1917. We think there can be no doubt that the later act, which provides that an alien convicted thereunder shall be taken into custody and deported "in accordance with the provisions of sections 19 and 20 of the Act of February 5, 1917," adopts the whole of the provisions relative to deportation contained in those sections, and that the present cases are controlled by section 19.

[2, 3] Whether or not the offense of which the appellees were convicted involved moral turpitude is not disclosed by the record. It informs us only that the appellees were each convicted of "having opium in his possession." If this was the sum total of their offense against the laws of the United States, they were innocent of violation of law, and on that ground we would be justified in affirming the judgment. Lewis v. United States (C. C. A.) 295 Fed. 678; Johnson v. United States (C. C. A.) 294 Fed. 753; United States v. Jin Fuey Moy, 241 U. S. 394, 36 Sup. Ct. 658, 60 L. Ed. 1061, Ann. Cas. 1917D, 854. But if the violation of the Narcotic Act, of which the appellees were convicted, is improperly designated in the record here, it still remains that we have no means of knowing that the offense of which they were convicted was not one of such an aggravated character as to involve moral turpitude. In brief, the record does not show that the court below was in error in discharging the appellees from custody, and the appellant has not presented cause for reversal of the judgment.

The judgment is accordingly affirmed.