WEEDIN, Commissioner of Immigration, v. MOY FAT.

(Circuit Court of Appeals, Ninth Circuit. October 26, 1925. Rehearing Denied Nov. 30, 1925.)

No. 4599.

1. Habeas corpus ⚖️➜30(2)—Whether indictment charges offense is question solely for court, where it is pending as affects right to discharge on habeas corpus.

In federal courts, question whether indictment charges offense is one solely for court in which it is pending, and any error in its decision cannot affect jurisdiction, or warrant discharge of accused on subsequent habeas corpus proceeding wherein indictment is attacked.

2. Aliens ⚖️➜53—Deportation of alien imprisoned only two months for violation of Narcotic Act held unwarranted.

Under Act Feb. 5, 1917, §§ 19, 20 (Comp. St. 1918, Comp. St. Ann. Supp. 1923, §§ 4289¼jj, 4289¼k), authorizing deportation of alien convicted of crime and sentenced to imprisonment for more than one year, and Narcotic Drugs Import and Export Act May 26, 1922, § 1, subd. (e), amending Act Feb. 9, 1909, § 2 (Comp. St. Ann. Supp. 1923, § 8801), providing that alien violating act of 1922 shall be deported as provided by act of 1917, alien who was sentenced to imprisonment for but two months for unlawfully receiving narcotic drugs was not subject to deportation, nor could act of 1922 be construed as adopting method only and not grounds for deportation contained in named sections of act of 1917.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Habeas corpus proceeding by Moy Fat against Luther Weedin, as Commissioner of Immigration at the Port of Seattle, Wash. From a judgment releasing petitioner, defendant appeals. Affirmed.

Thos. P. Revelle, U. S. Atty., and Donald G. Graham, Asst. U. S. Atty., both of Seattle, Wash., for appellant.

John J. Sullivan and V. G. Frost, both of Seattle, Wash., for appellee.

Before GILBERT, RUDKIN, and McCAMANT, Circuit Judges.

GILBERT, Circuit Judge. The appellee, a Chinese alien, for 43 years a resident of the United States, pleaded guilty to an indictment which charged him with the crime of receiving and concealing narcotic drugs, in that he "did unlawfully and feloniously receive and conceal narcotic drugs, to wit, 120 grains of smoking opium, after the same had been imported into the United States, he, the said Moy Fat, then and there well knowing the same to have been imported contrary to law." He was sentenced to two months' imprisonment, and at the expiration of said term he was held by the Commissioner of Immigration by virtue of a warrant of deportation issued by the Secretary of Labor under the provisions of section 2, sudb. (e), of the Act of February 9, 1909, as amended by the Act of May 26, 1922, § 1 (Comp. St. Ann. Supp. 1923, § 8801). Upon the hearing on a writ of habeas corpus which he sued out, the court below released him under bond pending the Commissioner's appeal from the order.

[1] We are unable to agree with the appellee's contention that the judgment is sustainable on the ground that the indictment fails to charge an offense against the laws of the United States. It is a controlling principle of the federal courts that such a

question is one for the determination of the court in which the indictment is pending, and any error in its decision could not affect its jurisdiction nor warrant the discharge of the accused on habeas corpus. Matter of Gregory, 219 U. S. 210, 31 S. Ct. 143, 55 L. Ed. 184; Bechtold v. United States (C. C. A.) 276 F. 816; Collins v. Morgan, 243 F. 495, 156 C. C. A. 193; Ex parte Parks, 93 U. S. 18, 23 L. Ed. 787; In re Coy, 127 U. S. 731, 8 S. Ct. 1263, 32 L. Ed. 274; In re Eckart, 166 U. S. 481, 17 S. Ct. 638, 41 L. Ed. 1085.

[2] But the order of deportation purported to have been had under the authority of the Act of May 26, 1922 (42 Stat. 596), subdivision (e), § 2, which provides that the alien who may be deported for a violation of the Narcotic Drugs Import and Export Act shall "be taken into custody and be deported in accordance with the provisions of sections 19 and 20 of the Act of February 5, 1917, entitled 'An act to regulate the immigration of aliens to, and the residence of aliens in, the United States,' or provisions of law hereafter enacted which are amendatory of, or in substitution for, such sections." Section 19 of the Act of February 5, 1917 (39 Stat. 889 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj]), provides for deportation of "any alien who is hereafter sentenced to imprisonment for a term of one year or more because of conviction in this country of any crime involving moral turpitude." Section 20 of the Act of February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼k), prescribes the manner of the deportation authorized by section 19. We held in Hampton v. Wong Ging, 299 F. 289, that the provisions of section 19 of the Act of February 5, 1917, are adopted by the Act of May 26, 1922, and that they limit the authority to order deportation under the later act. It follows from that view of the law applicable to the case that the appellee, who was sentenced to imprisonment for but two months, is not within the provisions of section 19, and that the Commissioner was without jurisdiction to order his deportation. It is suggested in opposition to this view that the Act of May 26, 1922, in adopting sections 19 and 20 of the prior act, was intended to prescribe only the manner of taking into custody and the manner of deportation, but we think it is more inclusive, and that it limits the authority to deport. Section 19 contains no provision whatever concerning procedure or the manner of deportation. If it was the intention of the

later act to adopt only the manner of deportation prescribed in the act of 1917, there was no occasion to refer to section 19.

The judgment is affirmed.