## CHARLIE GIB v. WEEDIN, Commissioner of Immigration.*

### KEE HOW v. SAME.

(Circuit Court of Appeals, Ninth Circuit. November 2, 1925.)

Nos. 4628, 4629.

**Habeas corpus ⟨⟩30(2)—Sufficiency of indictment under which aliens held for deportation were convicted held not reviewable in habeas corpus proceedings.**

In habeas corpus proceedings by aliens, held for deportation under Act Feb. 9, 1909, § 2, as amended by Narcotic Drugs Import and Export Act May 26, 1922, § 1, subd. (e), being Comp. St. Ann. Supp. 1923, § 8801, and Act Feb. 5, 1917, §§ 19, 20 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 4289¼jj, 4289¼k), after conviction and imprisonment for violation of Harrison Act (Comp. St. §§ 6287g–6287q) and act of 1922, sufficiency of indictment under which they were convicted held not reviewable; that question being one solely for court in which indictment was pending.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Habeas corpus proceedings by Charlie Gib and Kee How, alias Charlie Kee, separately, against Luther Weedin, as Commissioner of Immigration for the Port of Seattle, Wash. From orders denying writ and dismissing petition, petitioners appeal. Affirmed.

John J. Sullivan and V. G. Frost, both of Seattle, Wash., for appellants.

Thos. P. Revelle, U. S. Atty., and Donald G. Graham, Asst. U. S. Atty., both of Seattle, Wash., for appellee.

Before GILBERT, RUDKIN, and McCAMANT, Circuit Judges.

GILBERT, Circuit Judge. Charlie Gib, a Chinese alien, was sentenced to one year in the penitentiary at McNeil's Island for violation of the Harrison Act (Comp. St. §§ 6287g–6287q) and one year for violation of the Narcotic Drugs Import and Export Act (Comp. St. Ann. Supp. 1923, § 8800 et seq.). Kee How, also a native of China, served two concurrent terms at McNeil's Island, for one year and two months and one

*Rehearing denied February 8, 1926.

year, respectively, for violations of the Narcotic Drugs Import' and Export Act. At the expiration of their terms of sentence, steps were taken to deport said aliens under authority of the Act of February 9, 1909, as amended May 26, 1922, § 1, subd. (e), being Comp. St. Ann. Supp. 1923, § 8801, which provides that an alien convicted under subdivision (c) of section 2 shall, upon the termination of his imprisonment, upon warrant issued by the Secretary of Labor, be deported in accordance with sections 19 and 20 of the Act of February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 4289¼jj, 4289¼k). They thereupon each applied for a writ of habeas corpus in the court below, claiming that their deportation and detention were illegal, for the reason that the indictments under which they were convicted were fatally defective. The court below denied the writs and dismissed the petitions. On appeal to this court, the authority to deport the said aliens is again challenged on the ground of the alleged fatal defects in the indictment.

In Weedin v. Moy Fat, 8 F.(2d) 488 we held that the question whether an indictment fails to charge an offense against the United States is one for the determination of the court in which the indictment is pending, and that error in its decision does not affect its jurisdiction or warrant the discharge of the accused on habeas corpus. The principle so announced is applicable here, and, as it is not shown that the court below was in error in ruling that the offenses for which the appellants were sentenced involved moral turpitude, and that they were subject to deportation in accordance with sections 19 and 20 of the Act of February 5, 1917, the judgment in each case must be affirmed. It is so ordered.