UNITED STATES ex rel. GRIMALDI v. EBEY, District Director of Immigration.

(Circuit Court of Appeals, Seventh Circuit. April 21, 1926.)

No. 3675.

1. Aliens ⊜54(5)—Jones-Miller Act, providing for deportation "at any time after his entry" of any alien who shall be convicted of a violation of Narcotic Act, is in pari materia with Deportation Act, and not limited by five-year limitation (Jones-Miller Act, § 2, subd. [e], as amended by Act May 26, 1922, § 1 [Comp. St. Ann. Supp. 1923, § 8801]; Act Feb. 5, 1917, §§ 19, 20 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 4289¼jj, 4289¼k]).

Jones-Miller Act, § 2, subd. (e), as amended by Act May 26, 1922, § 1 (Comp. St. Ann. Supp. 1923, § 8801), providing that any alien who "at any time after his entry" shall be convicted of an offense against the Narcotic Act shall, upon termination of imprisonment, be deported in accordance with Act Feb. 5, 1917, §§ 19, 20 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 4289¼jj, 4289¼k), is in pari materia with act of 1917, and, under maxim of "Generalia specialibus non derogant," is not limited by sections 19 and 20, fixing a five-year limitation period in certain deportation cases.

2. Aliens ⊜54(5)—Act providing for deportation of any alien "at any time after entry" on conviction for violation of Narcotic Act held not limited by five-year limitation period (Jones-Miller Act, § 2, subd. [e], as amended by Act May 26, 1922, § 1 [Comp. St. Ann. Supp. 1923, § 8801]; Act Feb. 5, 1917, §§ 19, 20 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 4289¼jj, 4289¼k]).

Jones-Miller Act, § 2, subd. (e), as amended by Act May 26, 1922, § 1 (Comp. St. Ann. Supp. 1923, § 8801), providing that any alien

# RODGERS v. PEREZ

## 12 F.(2d) 923

"at any time after his entry," who is convicted of an offense against the Narcotic Act, shall be deported in accordance with Act Feb. 5, 1917, §§ 19, 20 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 4289¼jj, 4289¼k), is not limited by five-year limitation period, prescribed in sections 19 and 20, in view of further provision in section 19 expressly recognizing specific limitations found in each of classes of deportable causes.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Application for habeas corpus by the United States, on the relation of Fred Grimaldi, against Howard D. Ebey, District Director of Immigration. From an order denying the application, relator appeals. Affirmed.

Arthur D. Cloud, of Chicago, Ill., for appellant.

Mary D. Bailey, of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVANS, Circuit Judge. Following a conviction of a violation of the "act to prohibit the importation and use of opium for other than medicinal purposes," appellant, an alien, served his sentence in the penitentiary. Upon a discharge the government sought to deport him, relying upon section 2, subd. (e), of the 1922 amendment, sometimes known as the Jones-Miller Act (Comp. St. Ann. Supp. 1923, § 8801), which reads as follows:

"Any alien who at any time after his entry is convicted under subdivision (c) shall, upon the termination of the imprisonment imposed by the court upon such conviction and upon warrant issued by the Secretary of Labor, be taken into custody and deported in accordance with the provisions of sections 19 and 20 of the Act of February 5, 1917, entitled 'An act to regulate the immigration of aliens to, and the residence of aliens in, the United States,' or provisions of law hereafter enacted which are amendatory of, or in substitution for, such sections."

His deportation was duly ordered, and he applied for a writ of habeas corpus. His present appeal is to review the order denying such application.

[1] In support of his position he contends that the evidence shows he arrived in this country more than five years prior to the order of deportation, that he has been convicted of only one offense, and that under section 19 of the Deportation Act he cannot now be deported, for the reason that he has resided here more than five years. In short, he contends that the language, "Any alien *who at any time after his entry* is convicted," is modified and controlled by the reference to sections 19 and 20 of the Immigration Act of 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 4289¼jj, 4289¼k), which fixes a five-year limitation period in certain cases.

An examination of the act of 1922 convinces us that the Congress was dealing particularly with the deportation of aliens who violated the Narcotic Act. It was a special enactment, dealing with a particular class of offenders, or rather offenders who committed a particular kind of a crime. It is apparent that this act of 1922 is in pari materia with the 1917 Deportation Act. The specific language found in section 2, subd. (e), above quoted, invokes the application of the maxim "Generalia specialibus non derogant." In other words, the language, "at any time after his entry," used in section 2, subd. (e), act of 1922, controls over any limitation found in section 19 of the act of 1917, when applied to aliens who have offended against the Narcotic Act.

[2] But, even if this rule of statutory construction were not invoked, the same conclusion would be reached because of certain provisions of section 19. It is provided in said section 19:

"Provided further, that the provisions of this section, with the exceptions hereinbefore noted, shall be applicable to the classes of aliens therein mentioned irrespective of the time of their entry into the United States."

This proviso, it seems to us, expressly recognizes the specific limitations or absence of limitations found in each of the numerous classes of deportable causes.

The order is affirmed.