**CHUNG QUE FONG v. NAGLE, Commissioner of Immigration.**

(Circuit Court of Appeals, Ninth Circuit. November 15, 1926.)

No. 4937.

**1. Aliens ⬤⟹53.**

Where record showed that alien pleaded guilty to offense under Narcotic Act, § 2, subd. (c) being Comp. St. § 8801, contention that he was convicted only of having possession of smoking opium, which would not justify deporting him under section 2, *held* without merit.

**2. Courts ⬤⟹107.**

Opinions of courts are to be construed in light of precise matters being adjudicated.

**3. Aliens ⬤⟹54(5).**

Under Narcotic Drugs Import and Export Act, § 2 (Comp. St. § 8801), alien convicted of offense thereunder at any time after entry is subject to deportation; five-year limitation of Immigration Act 1917, §§ 19, 20 (Comp. St. §§ 4289¼jj, 4289¼k), not applying.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California.

Habeas corpus by Chung Que Fong against John D. Nagle, as Commissioner of Immigration for the Port of San Francisco. From a judgment dismissing the petition, petitioner appeals. Affirmed.

J. H. Sapiro, of San Francisco, Cal., for appellant.

George J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT and RUDKIN, Circuit Judges, and JAMES, District Judge.

JAMES, District Judge. The District Court, holding that the petition for writ of habeas corpus presented on behalf of Chung Que Fong, a native of China, considered in connection with the record of deportation proceedings, did not disclose facts sufficient to warrant the issuance of the writ, dismissed the petition. The alien appealed.

At the time of the filing of the petition for the writ, the Commissioner of Immigration at San Francisco held a warrant issued by the Secretary of Labor requiring that the alien be returned to his native country. This warrant of deportation was issued by the Labor Department, claiming to act in a case appropriately shown under section 2 of the Narcotic Drugs Import and Export Act, as amended (which for brevity will be hereinafter termed the Narcotic Act). 42 Stat. 596 (Comp. St. Ann. Supp. 1923, § 8801).

Appellant was admitted into the United States on August 29, 1909. Judgment of imprisonment and fine for violation of the provisions of the act cited was entered first on May 1, 1924, and amended on June 13, 1924. The validity of the judgment as amended is not in question. Appellant makes two contentions against the correctness of the court's action in dismissing his petition: (1) That he was convicted by his plea of guilty only of having possession of smoking opium, which he asserts was no crime, under the decision of Hampton v. Wong Ging (C. C. A.) 299 F. 289. (2). That more than five years had elapsed since his entry into the United States and before the commission of the offense under the Narcotic Act, barring the government's right to deport.

[1] On the first point urged the important facts as they are shown by the record do not justify the claim that the conviction was for possession of opium only. True, the petition for the writ stated the case to be one of that kind, and, if there was nothing further shown, the fact would be taken so to be. But here the original petition does not constitute the whole record. By written stipulation of appellant, entered into with the United States attorney, it was agreed "that the original immigration record in evidence, and considered as part and parcel of the petition for a writ of habeas corpus upon hearing of the demurrer in the above-entitled matter," should be withdrawn from the files of the District Court and filed with the clerk of this court, "there to be considered as a part and parcel of the record on appeal." In that record of the Immigration Department appear copies duly certified by the clerk of the District Court of the indictment to which appellant pleaded guilty and of the judgment. The offense charged was one fully described in subdivision (c) of section 2 of the Narcotic Act. It was alleged to have been committed on or about November 9, 1922. The judgment required imprisonment for a term of 13 months at the federal prison at McNeil Island and the payment of a fine in the sum of $500. This being the state of the record, there is no basis for the argument that appellant was convicted only of having had possession of the drug named. He could not have been so accused under the act in question.

It is argued under the second contention that, because the Immigration Act of 1917 provides that deportation may be made within five years after entry of the alien, where he is sentenced to imprisonment for one year or more for a crime involving moral turpitude (sections 19, 20, 39 Stat. 889;

Comp. Stats. 1918, Supp. 1919, § 4289¼a et seq.), such provisions limit and control the deportation provision of the Narcotic Act. The latter provision was added in 1922 to the Narcotic Act, and it declares that an alien "who at any time after his entry is convicted * * * shall at the termination of the imprisonment be taken into custody and deported in accordance with the provisions of sections 19 and 20 of the Act of February 5, 1917."

We are concerned, considering the point urged, with the question as to whether the specific words of the amendment to the Narcotic Act providing for deportation of an alien, who "at any time" after his entry is convicted of the offense described in subdivision (c) of section 2 of that act, are of effect and prevail over the condition of the Immigration Act limiting the right to deport to the period of five years succeeding the date of entry. This court in the cases of Hampton v. Wong Ging, 299 F. 289, and Weedin v. Moy Fat, 8 F.(2d) 488, determined that an offense committed under the provisions of the Narcotic Act, to be ground for deportation, must be one where the sentence was for a period greater than one year, and must involve moral turpitude, as section 19 of the Immigration Law specifies.

In the opinion in the Wong Ging Case it was said: "We think there can be no doubt that the later act (the narcotic amendment), which provides that an alien convicted thereunder shall be taken into custody and deported 'in accordance with the provisions of sections 19 and 20 of the Act of February 5, 1917,' adopts the whole of the provisions relative to deportation contained in those sections. * * *" In the Moy Fat Case the contention of the government that sections 19 and 20 of the Immigration Law were to be looked to only as prescribing the mode and means by which deportation of the Narcotic Act offender was to be accomplished, was answered thus: "We think it [the reference in the Narcotic Act to the Immigration Law] is more inclusive, and that it limits the authority to deport."

[2, 3] The accepted and necessary rule that opinions of courts are to be construed in the light of the precise matters being adjudicated leaves the question before us, we think, an open one. In the two decisions referred to the question concerned the grade and quality of the offense as affecting the right to deport, as to which the Narcotic Act does not differentiate by any express term. These decisions and the language of the opinions may be read to say only that as the Narcotic Act amendment specifies no grades of offenses to be considered as a condition to the right to deport, and, as section 19 of the Immigration Act does, the reference over will carry the qualification of the latter as a limitation. And the language of the Wong Ging decision that the Narcotic Act "adopts the whole of the provisions relative to deportation contained in those sections (sections 19, 20, Immigration Act) * * *" is to be construed to mean that such provisions are adopted as are not the subject of express terms in the Narcotic Act amendment inconsistent therewith. Under the latter amendment there are express terms defining the time when the convicted alien may be deported. It is stated as "any time after his entry."

It must be assumed that Congress meant just what was stated in plain and express terms; that it meant to declare that violators of the Narcotic Act were considered of a class not to be entitled to any sort of prescriptive right to remain in this country, whether the offense was committed or the conviction had within, or after, five years from the date of their entry. The law is special in its provision, and particular in the manner of stating it. A like conclusion was reached in the Seventh Circuit in United States ex rel. Grimaldi v. Ebey, 12 F.(2d) 922.

The judgment is affirmed.