## HACHIJI SHIBATA v. TILLINGHAST, Commissioner of Immigration.

District Court, D. Massachusetts. April 5, 1929. No. 3989.

John W. Lowrance, of Boston, Mass., for plaintiff.

Frederick H. Tarr, U. S. Atty., and John W. Schenck, Asst. U. S. Atty., both of Boston, Mass., for defendant.

BREWSTER, District Judge. This is a petition for a writ of habeas corpus to release

one Hachiji Shibata, a native and citizen of Japan, who has been arrested on a deportation warrant.

The material facts may be briefly stated. The alien has resided in the United States for the greater part of the last 20 years. His last entry was in 1919. On July 16, 1926, on a plea of guilty, the alien was sentenced to 3 years' imprisonment in the House of Correction at Worcester, Mass., on an indictment charging him, among other things, with the unlawful sale of narcotic drugs, in violation of the Act of December 17, 1914 (38 Stat. 785), and acts in amendment thereof or in addition thereto (26 USCA §§ 211, 691–707).

The warrant for his deportation was issued under section 2(e) of Act Feb. 9, 1909 (35 Stat. 614), as amended by Act May 26, 1922, § 1 (21 USCA § 175), which provides that:

"(e) Any alien who at any time after his entry is convicted under subdivision (c) shall, upon the termination of the imprisonment imposed by the court upon such conviction and upon warrant issued by the Secretary of Labor, be taken into custody and deported in accordance with the provisions of sections 19 and 20 of the act of February 5, 1917, entitled 'An act to regulate the immigration of aliens to, and the residence of aliens in, the United States,' or provisions of law hereafter enacted which are amendatory of, or in substitution for, such sections."

It is the contention of the alien that the deportation warrant cannot be sustained because of the following provisions of section 19 (8 USCA § 155):

"Any alien who is hereafter sentenced to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude, committed within five years after the entry of the alien to the United States, * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported."

It should be noted that section 19 defines the classes of aliens liable to deportation, while section 20 (8 USCA § 156) deals with the procedure and the manner of deportation.

Courts in other jurisdictions have held that an alien convicted of a violation of the narcotic laws cannot be deported, unless he is sentenced to imprisonment for a term of a year or more, Weedin v. Moy Fat (C. C. A.)

8 F.(2d) 488; and in Hampton v. Wong Ging (C. C. A.) 299 F. 289, 290, we find the court asserting that the provision of the act of 1922 that the arrest and deportation shall be "in accordance with the provisions of sections 19 and 20 of the Act of Feb. 5, 1917," adopts the whole of the provisions relating to deportation contained in those sections. But I note that in this same circuit (Ninth Circuit) the court in a later decision considered the same question that is presented in the case at bar and reached the conclusion that the five-year limitation of section 19 did not apply to deportation under the Narcotic Act of 1922. Chung Que Fond v. Nagel (C. C. A.) 15 F.(2d) 789. The same result was reached in the Seventh Circuit in United States ex rel. Grimaldi v. Ebey, 12 F.(2d) 922.

I can see no escape from the conclusion reached by the court in the two cases last above cited.

One of the principal arguments advanced in behalf of the alien is that the words "at any time" referred to the time of the entry of the alien and were to be taken only as indicating an intent to reach and deport aliens who entered before, as well as after, the passage of the act. This argument, however, cannot be accepted in view of the language of the act. The words "at any time," if read in connection with what follows, leave no doubt as to the legislative intent. It is that, if an alien is convicted under the act at any time after his entry into the United States, regardless of the length of his residence here, he becomes liable to deportation. In other words, the provisions of subdivision (e) create an additional class of aliens who may be liable to deportation in accordance with the act of 1917, and expressly declare that the alien shall come within this class if he committed the specified crime "at any time after his entry."

So far as the provisions of the earlier act are inconsistent with the unmistakable intent of the later enactment, they must give way to that intent.

I am aware that there are facts and circumstances in connection with this case that make it one of extraordinary hardship, but the court cannot suspend the operation of a valid act of Congress.

Petition for writ is denied.