UNITED STATES ex rel. CHERWONICK et al. v. SMITH, District Director of Immigration.

UNITED STATES ex rel. POLJAK v. SAME.
UNITED STATES ex rel. GINOVICH v. SAME.

Nos. 4467, 4493, 4552.

Circuit Court of Appeals, Seventh Circuit.
April 29, 1931.

Jose Carlos Soriano and William B. Rosczyk, both of East Chicago, Ind., for appellants.

George E. Q. Johnson, U. S. Atty., and Thomas Dodd Healy, Asst. U. S. Atty., both of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge.

Appellants Cherwonicks, aliens and citizens of Canada, applied for admission to the United States at Winnipeg, Canada, on March 18, 1925, but were denied admission because they were not in possession of immigration visas. On June 15, 1925, they entered the United States surreptitiously, at Detroit, Mich., without immigration visas and without submitting to inspection or effectuating a legal entry. They were arrested January 31, 1930, upon a warrant issued by an Assistant Secretary of Labor, charging them with being subject to deportation under the provisions of the Immigration Act of May 26, 1924, in that they were not in possession of unexpired immigration visas at the time of entry. At a hearing before an immigration inspector, the charges were substantiated by the aliens' own testimony, and on March 8, 1930, a warrant of deportation was issued directing their deportation to Canada. Thereupon a writ of habeas corpus was issued by the District Court on petition of appellants. Upon the hearing, the District Court discharged the writ, and the appeal is from this order.

Two contentions are raised by appellants: (1) They are not subject to deportation under the Act of May 26, 1924, after being in the United States for more than three years prior to their arrest; and (2) they were not given a fair hearing.

Parts of two sections of the Act of May 26, 1924, are involved in this appeal, and they are as follows:

"Sec. 13. (a) No immigrant shall be admitted to the United States unless he (1) has an unexpired immigration visa or was born subsequent to the issuance of the immigration visa of the accompanying parent * * *" 43 Stat. 161, title 8, § 213 (a), USCA.

"Sec. 14. Any alien who at any time after entering the United States is found to have been at the time of entering not entitled under this Act to enter the United States, or to have remained therein for a longer time than permitted under this Act or regulations made thereunder, shall be taken into custody and deported in the same manner as provided for in sections 19 and 20 of the Immigration Act of 1917 * * *" 43 Stat. 162, title 8, § 214, USCA.

Sections 19 and 20, above referred to, set forth the manner in which aliens shall be taken into custody and deported. 39 Stat. 889, 890, title 8, sections 155, 156, USCA.

Section 19 of said statute further provides: "At any time within three years after entry, any alien who shall have entered the United States by water at any time or place other than as designated by immigration officials, or by land at any place other than one designated as a port of entry for aliens by the Commissioner General of Immigration, or at any time not designated by immigration officials, or who enters without inspection, shall, upon the warrant of the Secretary of Labor, be taken into custody and deported."

It is the portion of section 19 just quoted upon which appellants base their contention that they are not subject to deportation on account of having entered the United States more than three years prior to their arrest. With this contention, however, we are unable to agree. We find nothing in the Act of May 26, 1924, to warrant us in concluding that Congress intended to subject sections 13 and 14 of this act to the limitation of time as described in section 19 of the Act of 1917; but, on the contrary, we think the intention of Congress was quite the reverse. In the later enactment the words "at any time" are used, and certainly it cannot be said that this phrase is to be modified by the three years' limitation contained in section 19 of the prior statute. United States ex rel. Grimaldi v. Ebey (C. C. A.) 12 F.(2d) 922, 923; Demetrius Philippides v. Commissioner, 51 S. Ct. 358, 75 L. Ed. ——, decided March 23, 1931.

It must also be borne in mind that the later statute refers to an entirely different class of aliens from those described in the former act. It may be true, as appellants state, that their entry was in violation of section 19. They are not charged, however, under that section, but are charged under a different section with entering the United States without visas. Congress saw fit to

place a more severe penalty upon that particular act, and it is not within our province to question its wisdom in so doing. It is quite true, as suggested by appellants, that the statutes are to be construed as pari materia, but this fact will not warrant a substitution of the plain language of one for the other where the language of both may be given effect under a reasonable construction. The fact that the later act provides that the alien shall be taken into custody and deported in the same manner as provided for in sections 19 and 20 of the Act of 1917 lends no aid to appellants' contention. This language refers only to the manner and method of taking into custody and deporting. If it should be construed to refer to more than this, it would indeed be difficult to arrive at the intention of Congress, for section 19 describes twelve different classes and more than one period of limitation. For entering as a pauper, the limitation is five years; for entering at the wrong time or place without inspection, the limitation is three years; and, for entering as an anarchist, there is no limitation. What reason there can be for applying the limitation applicable to entering without inspection to the offense of entering without a visa does not appear, other than the fact that both offenses are committed while entering. This does not seem sufficient to us to warrant such a broad construction. There are no doubt deplorable conditions surrounding many cases of deportation, but courts have no power to alter the plain provisions of the statute. Appellants chose their method of coming into the United States, and that method was premeditatedly in violation of our laws. They are therefore in no position to complain.

A perusal of the records convinces us that fair hearings were accorded appellants. Indeed, the facts are not controverted. United States ex rel. Bilokumsky v. Tod, 263 U. S. 149, 44 S. Ct. 54, 68 L. Ed. 221.

With relation to cause No. 4493, United States ex rel. Poljak v. Smith, District Director of Immigration, and cause No. 4552, United States ex rel. Ginovich v. Smith, District Director of Immigration, it has been stipulated by all the parties that the questions of law are the same as in No. 4467, United States ex rel. Cherwonick v. Smith, District Director of Immigration, and that the decision in the last-named cause will govern in Nos. 4493 and 4552.

There being no controversy as to the facts, the order of the District Court in each case is affirmed.

ALSCHULER, Circuit Judge.

While concurring in the opinion, the peculiar hardship incident to No. 4467, the case of the Cherwonicks, prompts me to make some further comment thereon.

This alien woman undertook to join her husband, who had for some years been lawfully established here. She attempted to enter lawfully, but under the quota law was rejected. She then entered unlawfully, at an undesignated port, and without registration, bringing her four children, then aged from 4 to 10 years, and, joining her husband, the reunited family remained undisturbed nearly five years, when complaint of the unlawful entry was made and deportation proceedings begun.

But for the Act of May 26, 1924, (8 USC § 214), I believe the three-year limitation of the Act of February 5, 1917, (8 USC § 155), would have barred the deportation. But the Act of 1924, providing that one entering without having an unexpired visa is deportable "at any time after entering the United States," seems practically, but without directly so stating, to have done away with the three-year limitation of section 155 as applicable to such unlawful entries. Thus an alien entering the country without having the visa would be deportable at any time—be it a day or a half century after entry. Infants brought here might, if undisturbed, remain indefinitely, grow to maturity, have families, and be to all intents as thoroughly American as if born here, and perhaps without having any suspicion of flaw in their title to citizenship, and then, upon complaint of some one who happened to know the facts, find themselves subject to deportation.

To guard against a possible situation so manifestly harsh, I believe there should be a reasonable limitation upon deportation for unlawful entries, particularly in cases where children are involved.

The extreme hardships thus possible under the guise of law might find some amelioration if one so deported might, after a reasonable time, apply for lawful admission. But along comes the Act of Congress passed March 4, 1929, as amended June 24, 1929 (8 USCA § 180), providing: "(a) If any alien has been arrested and deported in pursuance of law, he shall be excluded from admission to the United States * * * and if he enters or attempts to enter the United States * * * he shall be guilty of a felony and upon conviction * * * be punished by imprisonment for not more than two years or by a fine of not more than $1,000 * * * "

If this means what it seems to say, then one who is for any cause deported is forever after barred from entry or attempting to enter, under penalty as for a felony. The practical effect upon these aliens is this: This woman, who in her overzeal to join her husband transgressed the law by entering the country without having a visa, upon her deportation may never again enter the country; and the infant children, too young at the time to be chargeable with intentional transgression of law, upon their deportation will thereafter be likewise forever barred from entry. The statute is quite incongruous, in that it is operative only upon deportation, or departure after order for deportation, but not in case voluntary departure before order of deportation.

The record in this cause shows that after the hearing of the deportation proceeding the Department of Labor, through its officers, evidently realizing the special hardship here appearing, offered to consent that the aliens depart the country with right to make lawful application for entry. The woman, evidently under advice that the three-year limitation protected her against deportation, did not avail herself of this offer, and thereupon the order of deportation was made. I do not believe she or the children should be now penalized because she followed the advice, if this can be reasonably prevented.

With the termination of the habeas corpus unfavorably to them, control over the proceeding by the Department of Labor remains as if the habeas corpus proceeding had not been begun. While there is no reason to believe that the Department will be less inclined after the habeas corpus than it was before, to accord the aliens the humane privilege of voluntary departure with leave thereafter to apply for entry without prejudice because of the former breach of the law in attempting to enter, I nevertheless venture the suggestion that some such course be followed with these aliens. To make this effective under the acts of 1929 it would, I believe, be necessary to cancel the order of deportation, so that the aliens may depart without an order of deportation standing against them.

I earnestly hope and urge that upon the unfavorable termination of the habeas corpus the Department will cause its order of deportation to be canceled or withdrawn, and the aliens be permitted voluntarily to leave the country, with right thereafter to make application for entry according to law.

I am authorized by my colleagues to state that they concur in this recommendation.