### THE CONTE GRANDE.

**UNITED STATES ex rel. MAGRI v. WIXON, Acting Com'r of Immigration.**

District Court, S. D. New York.
Nov. 2, 1931.

Gaspare M. Cusumano, of New York City, for relator.

George Z. Medalie, U. S. Atty., of New York City (Maurice De Koven, Asst. U. S. Atty., of New York City, of counsel), for respondent.

CAFFEY, District Judge.

On January 19, 1931, according to the indictment, the alien violated the Harrison Narcotic Act (26 USCA §§ 692, 696). He was indicted in this court and, upon plea of guilty, was sentenced March 2, 1931, to a year and a day in the penitentiary at Atlanta. He has been ordered deported under the Act of February 18, 1931, chapter 224 (Pamphlet Statutes, 3d Session, 71st Congress, Pt. 1, p. 1171 [8 USCA § 156a]). He seeks release upon the claims: (1) That he is not within the terms of the last mentioned statute; and (2) that the circumstances disclose that it is a hardship to be sent back to his native land, from which he departed eighteen years ago, when four years of age.

The offense occurred prior to the enactment of the statute. The conviction was after the enactment of the statute. It is valid and peremptory. The court is without authority to consider its policy or to determine whether it ought to have been framed so as to be more lenient in application. The sole function of the court is to interpret. If it embraces the alien who has been ordered deported, the court is without authority to interfere.

The statute applies to "any alien," unless he be an addict who is not a dealer in or peddler of narcotic drugs covered by the Harrison Act. The alien himself says that he is not an addict, and that he was, as he was convicted of being, a seller of such drugs.

The statute further provides that such an alien "who, after the enactment of this Act, shall be convicted and sentenced" for violating or conspiring to violate any of the specified classes of Federal statutes, which include the Harrison Narcotic Act, "shall be taken into custody and deported." In other words, the governing date is not that of the commission of the offense, but it is the date of the conviction and sentence. Here the conviction and sentence were on March 2, 1931, which was subsequent to the enactment on February 18, 1931, of the act under which the deportation has been ordered.

This statute further provides that the deportation shall be "in the manner provided in sections 19 and 20" of the Immigration Act of 1917 (8 USCA §§ 155, 156). Counsel for the alien argues that by reason of the reference to these parts of the act of 1917 there can be no lawful deportation except for a cause and under conditions specified in sections 19 and 20 of the 1917 act. So to construe the new statute would nullify it. It is therein expressly provided that the "manner" of the deportation shall be in accord with the provisions of the older statute. Sections 19 and 20 of the 1917 act (8 USCA §§ 155, 156) prescribe what the manner of a deportation thereunder shall be. It is only to the extent of the manner thereby prescribed that the 1931 act requires that they be complied with. For this reason the court decisions cited by counsel as to the conditions of deportation under sections 19 and 20, as they existed previous to the Act of February 18, 1931, are not of assistance and have no pertinency here.

Writ dismissed.