UNITED STATES ex rel. CASSETTA v. COMMISSIONER OF IMMIGRATION.
No. 186.

Circuit Court of Appeals, Second Circuit.
March 7, 1932.

Alfred S. Perlstein, of Brooklyn, N. Y., for appellant.

George Z. Medalie, U. S. Atty., of New York City (Maurice De Koven, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

Deportation of the alien was initiated upon the ground that he had been convicted of a violation of section 2 (c) of the Act of May 26, 1922, relating to narcotic drugs (21 USCA § 174), and was therefore deportable in accordance with the provisions of paragraph (e) of said section 2 (21 USCA § 175), reading as follows: "Any alien who at any time after his entry is convicted under section 174 of this title shall upon the termination of the imprisonment imposed by the court upon such conviction and upon warrant issued by the Secretary of Labor be taken into custody and deported in accordance with the provisions of sections 155 and 156 of Title 8 or provisions of law hereafter enacted which are amendatory of or in substitution for such sections."

Although the record does not clearly disclose it, the appellee concedes that execution was suspended of the five-year sentence imposed upon conviction under the count which charged a violation of section 174. Deportation to a country which the alien left when he was only 3 years of age is so harsh a consequence that we should hesitate to decide the case upon a record which omitted facts that would be a complete defense if disclosed. For reasons hereafter stated, suspended execution of the sentence would present such a defense. Consequently the appellee's concession will be treated as bringing into the record the conceded fact.

Whether the reference in section 175 to section 155 of title 8, USCA, incorporates by reference the requirement that the sentence must be for a term of one year or more, and for a crime involving moral turpitude, as held in Weedin v. Moy Fat, 8 F.(2d) 488 (C. C. A. 9), and Hampton v. Wong Ging, 299 F. 289 (C. C. A. 9), we need not now determine.

Cf. Chung Que Fong v. Nagle, 15 F.(2d) 789 (C. C. A. 9); United States ex rel. Spataro v. Day, 23 F.(2d) 1005 (C. C. A. 2); Hachiji Shibata v. Tillinghast, 31 F.(2d) 801 (D. C. Mass.). Without regard to said section 155, we think there must be some actual imprisonment to bring section 175 into operation. This authorizes arrest upon warrant for deportation "upon the termination of the imprisonment imposed by the court upon such conviction," i. e., conviction under section 174. There can be no "termination of the imprisonment imposed," when execution of the sentence was suspended. Cf. United States ex rel. Robinson v. Day, 51 F.(2d) 1022 (C. C. A. 2), holding that an alien was not "sentenced to imprisonment" within the meaning of section 155 of title 8, USCA, when execution of the sentence was conditionally suspended. Even if suspending the execution of a sentence is equivalent to release on parol, as the appellee contends, the words of section 175 are not satisfied when there has been no imprisonment whatever.

The order is reversed, and the cause remanded, with directions to discharge the alien.