## TODARO v. MUNSTER, District Director of Immigration, et al.

### No. 648.

Circuit Court of Appeals, Tenth Circuit.

Jan. 9, 1933.

Rehearing Denied Feb. 10, 1933.

Gustave J. Ornauer, of Denver, Colo. (Kaelin, Smith & Thomas, of Kansas City, Mo., W. J. Waguespack and H. W. Waguespack, both of New Orleans, La., on the brief), for appellant.

Donald Little, Asst. U. S. Atty., of Topeka, Kan. (S. M. Brewster, of Topeka, Kan., on the brief), for appellees.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

COTTERAL, Circuit Judge.

This is an appeal from a judgment dismissing a habeas corpus proceeding in which the appellant sought his discharge from an order of deportation, which was annexed to a sentence for violations of the Harrison Narcotic Act (26 USCA §§ 211, 691 et seq.).

In his petition for the writ, appellant alleged he was born in Italy, has been a resident of the United States since 1907, and is imprisoned by the district director of immigration on a warrant issued by the Commissioner

of Labor, pursuant to a sentence of date June 10, 1928, by the District Court for the Eastern District of Louisiana, for violations of the Act of May 26, 1922 (section 174, title 21, US CA), to serve three years in the penitentiary at Atlanta, Ga., and to be deported at the expiration of his term.

The petitioner assails the warrant as ·invalid because the District Judge who imposed the sentence was under the impression for more than three years the deportation was mandatory, and he did not discover he had discretion to make a contrary recommendation, until November, 1931. He also alleges that the statute of limitation has operated in his favor against his deportation under the Act of 1917 (39 Stat. 874) ; that the Narcotic Act of 1922 (21 USCA § 171 et seq.) is inapplicable to him, as he was a resident of the United States more than five years prior to that act, and further that the act, if it extended to him, is unconstitutional and void.

The district director filed a response alleging the conviction of the petitioner, the sentence of three years, and the order for the deportation, exhibiting a copy of the indictment and the proceedings. He also alleged that the petitioner's sentence had expired, and on August 21, 1929, a hearing was held and the deportation was ordered on which the warrant of deportation was issued.

■ Complaint is made that the trial court did not permit appellant to traverse the answer and introduce evidence in support of his petition. There was no request to file such pleading, but it was unnecessary, as there was no issue of the material facts. The case was therefore properly determined on the pleadings.

■ We find no merit in the argument that the District Court in Louisiana had an erroneous impression as to his power to recommend against the deportation. It is not even alleged he would have done so, in any event; and there is no evidence on the subject. But it must be an immaterial matter, as he did not make the recommendation, and the order for deportation stands unquestioned. Nor can this court entertain the plea that the deportation would work a hardship on appellant's wife and children, alleged to be citizens of the United States. If the law authorized deportation, relief from its mandate cannot be granted judicially. The sole inquiry is therefore whether the deportation was consonant with the law, as it stood at the date of the sentence.

Section 19, Act of February 5, 1917, 39 Stat. 889 (section 155, title 8 USCA), provides: " * * * Except as hereinafter provided, any alien who, after February 5, 1917, is sentenced to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude, committed within five years after the entry of the alien to the United States * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported, * * * nor shall such deportation be made or directed if the court, or judge thereof, sentencing such alien for such crime shall, at the time of imposing judgment or passing sentence or within thirty days thereafter, due notice having first been given to representatives of the State, make a recommendation to the Secretary of Labor that such alien shall not be deported in pursuance of this subchapter; nor shall any alien convicted as aforesaid be deported until after the termination of his imprisonment."

The Act of May 26, 1922, as amended, under which the sentence was imposed (section 174, title 21, USCA), fixes the penalties for dealing in narcotic drugs. Another section of the same act (175, title 21, USCA) provides: "Any alien who at any time after his entry is convicted under section 174 of this title shall upon the termination of the imprisonment imposed by the court upon such conviction and upon warrant issued by the Secretary of Labor be taken into custody and deported in accordance with the provisions of sections 155 and 156 of Title 8 or provisions of law hereafter enacted which are amendatory of or in substitution for such sections.",

Thus it appears that under the act of 1917 deportation is required for any crime involving moral turpitude, committed within five years after entry of the alien into the country. The act of 1922 specially applies to offenses respecting narcotics. The acts are in pari materia, and an exception appears in the latter act to the general rule of the former, by the clause that the deportation shall be ordered where the narcotic offense is committed "at any time after his entry." No reason appears for not giving effect to the later enactment. That construction is sustained by ample authority. United States ex rel. Grimaldi v. Ebey (C. C. A.) 12 F.(2d) 922. See, also, Chung Que Fond v. Nagle (C. C. A.) 15 F.(2d) 789; Hachiji Shibata v. Tillinghast (D. C.) 31 F.(2d) 801.

The judgment in this case is affirmed.