**DANG NAM v. BRYAN, District Director of Immigration.**

**No. 7302.**

Circuit Court of Appeals, Ninth Circuit.

Dec. 21, 1934.

E. J. Botts, of Honolulu, T. H., for appellant.

Sanford B. D. Wood, U. S. Atty., and Ed. Towse, Asst. U. S. Atty., both of Honolulu, T. H., and H. H. McPike, U. S. Atty., of San Francisco, Cal., for appellee.

Before WILBUR and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

The Secretary of Labor having issued a warrant of deportation against appellant, appellant petitioned the District Court of the United States for the District of Hawaii for habeas corpus. Upon the return of the writ, the director of immigration reported that he was holding the petitioner on a warrant for deportation.

It appears that appellant was charged with having in his possession 290 grains of smoking opium which had been imported into the United States, and with having in his possession 290 grains of smoking opium in a package to which there was not then and there affixed the tax-paid stamp required by law; that he pleaded guilty to the charge; that the plea was entered in pursuance of an arrangement or stipulation with the United States attorney that the recommendation would be made to the court against the deportation of the prisoner; that such a recommendation was made; that the trial judge sentenced appellant to a term of six months on one count of the indictment, and placed him on probation for a period of three years on the other count; and that the judge of the District Court at the time of imposing sentence recommended and directed in pursuance of 8 USCA § 155, that the petitioner be not deported.

The warrant of deportation was issued notwithstanding the recommendation of the trial judge and notwithstanding the circumstances under which the plea of guilty was entered upon the theory that the statute of 1931 required such deportation and that the provisions of 8 USCA § 155, with relation to the power of the trial court in which the conviction occurred, did not apply to cases in which the alien had been convicted of violating the laws of the United States with relation to opium. Act Feb. 18, 1931, 8 USCA § 156a. A similar question arose under the Act of May 26, 1922 (21 USCA § 175). This court held that under this latter act the provisions of 8 USCA § 155, concerning the recommendation of the trial judge, were applicable to such cases. Hampton v. Wong Ging (C. C. A.) 299 F. 289; Weedin v. Moy Fat (C. C. A.) 8 F.(2d) 488; Chung Que Fond v. Nagle (C. C. A.) 15 F.(2d) 789. It was held in these cases that the direction in 21 USCA § 175, that the alien "be taken into custody and deported in accordance with the provisions of sections 155 and 156 of Title 8 or provisions of law hereafter enacted which are amendatory of or in substitution for such sections," in effect incorporated into the act the provisions of section 155 in regard to the sentence of the alien for crime and the direction of the judge in connection therewith, as follows: "The provision of this section respecting the deportation of aliens convicted of a crime involving moral turpitude shall not apply to one who has been pardoned, nor shall such deportation be made or directed if the court, or judge thereof, sentencing such alien for such crime shall, at the time of imposing judgment or passing sentence or within thirty days thereafter, due notice having first been given to representatives of the State, make a recommendation to the Secretary of Labor that such alien shall not be deported in pursuance of this subchapter. * * *"

Under 8 USCA § 155, deportation would follow in a narcotic case only when the imprisonment was for a year or more and where the conviction occurred within five years aft-

er the entry of the alien. The Act of May 26, 1922 (21 USCA § 175), changed this situation with relation to offenses under 21 USCA § 174. The Act of February 18, 1931 (8 USCA § 156a), broadens the scope of the previous legislation on that subject (21 USCA § 175) by providing for deportation in case of a violation of any statute of the United States "taxing, prohibiting, or regulating the manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, or exportation of opium, coca leaves, heroin, or any salt, derivative, or preparation of opium or coca leaves." It was thought by the trial judge that the Act of February 18, 1931, also rendered nugatory the action of the trial court recommending that the alien should not be deported and made such deportation mandatory. The question had been considered by Judge Caffey of the District Court of the United States for the Southern District of New York in The Conte Grande (United States ex rel. Magri v. Wixon), 53 F.(2d) 475, and this decision was followed by the trial judge in the instant case. For clarity, we quote from his decision as follows: "Congress in enacting the act of 1931 did so with knowledge of the interpretation placed upon the words 'upon warrant issued by the Secretary of Labor, be taken into custody and deported in accordance with the provisions of' by the Ninth Circuit Court and when, instead of using these words it used the words 'be taken into custody and deported in manner provided in,' it meant just what it so clearly expressed, that is, to adopt only such parts of sections 19 and 20 [8 USCA §§ 155, 156] as provided the manner of taking into custody and the manner of deporting section 19 provides this shall be 'upon warrant of the Secretary of Labor,' while section 20 designates the ports to which the alien shall be deported and the details relative to expense."

If we follow our previous decisions interpreting the Act of May 26, 1922 (Hampton v. Wong Ging, supra; Weedin v. Moy Fat, supra; Chung Que Fond v. Nagle, supra), and attribute to them the added force which comes from the assumption that Congress, in passing the Act of February 18, 1931, had in mind the interpretation which had been given by this court to the Act of May 26, 1922, the question involved herein resolves itself into the question of whether or not the change of phraseology in the Act of February 18, 1931 (8 USCA § 156a), to "shall be taken into custody and deported in manner provided in sections 155 and 156 of this title" implies an intent to confine the applicability of the provisions of section 155 to the manner of deportation, that is, by warrant, etc., as distinguished from the language theretofore used in the Act of May 26, 1922, that the alien should be deported in accordance with the provisions of sections 155 and 156 of title 8 USCA.

The appellee relies upon the decision of the Supreme Court in Bugajewitz v. Adams, 228 U. S. 585, 33 S. Ct. 607, 608, 57 L. Ed. 978, construing sections 2 and 3 of the Act of March 26, 1910 (36 Stat. 265, c. 128), providing for the deportation of prostitutes and others. This amendatory act struck out the three-year limitation on such deportation theretofore contained in said sections 2 and 3, and the question was whether the fact that the amended sections ordered deportation "in the manner provided by sections 20 and 21" reincorporated in sections 2 and 3 the very limitation which had been omitted therefrom ex industria, because such a limitation remained in sections 20 and 21 (Act Feb. 20, 1907, 34 Stat. 904). Before the amendment, sections 2 and 3 provided for deportation of aliens practicing prostitution within three years after entry "as provided in sections 20 and 21." As amended, the sections (2 and 3) provide for deportation "in the manner provided" in sections 20 and 21. Of this situation Mr. Justice Holmes said: "We are of opinion that the effect of striking out the three-year clause from section 3 is not changed by the reference to sections 20 and 21. The change in the phraseology of the reference indicates the narrowed purpose. The prostitute is to be deported, not 'as provided' but 'in the manner provided' in sections 20, 21. Those sections provide the means for securing deportation, and it still was proper to point to them for that. United States v. Weis [D. C.] 181 F. 860; Chomel v. United States, 112 C. C. A. 461, 192 F. 117."

While this decision gives some color in support of appellee's contention that the difference in the language of the Act of February 18, 1931 (8 USCA § 156a, supra), from that of the similar act (21 USCA § 175, supra), in referring to the provisions of 8 USCA §§ 155 and 156, the language used in both is appropriate to incorporate by reference the sentence by the trial judge with or without recommendation against deportation, if it can be said that the sentence is in any sense a part of the proceedings necessary for deportation, as we have held. Hampton v. Wong Ging, supra; Weedin v. Moy Fat, supra; Chung Que Fond v. Nagle, supra. We do not think that this slight change in lan-

guage indicates an intention to ignore the provisions of section 155 which we had theretofore held applied to such deportation. We see no reason for holding in the case of the Act of May 26, 1922 (21 USCA § 175), that the words "deported in accordance with" the provisions of section 155 included as a part of the custody and deportation the provisions of section 155 with reference to the sentence and recommendation of the trial judge and for holding that such sentence and recommendation was no part of the "manner" of deportation under the Act of February 18, 1931. The question, however, should not be determined upon the niceties of language. The deportation is not because of the commission of a crime, but because of a "conviction and sentence" therefor. 8 USCA § 156a, supra. The adjudication of guilt is by a court. Upon that adjudication the Secretary of Labor acts. Without it he has no power to act. Nor is the sentence in every case a basis upon which the Secretary of Labor can act. If the judge of the court rendering the judgment and sentence concludes that the facts disclosed before him warrant it, he can forestall the action of the Secretary of Labor upon such sentence by recommendation "that such alien shall not be deported in pursuance of this subchapter." The sentence which would otherwise be a basis for action by the Secretary of Labor ceases to be such as soon as the trial judge in the manner designated by statute makes his recommendation that the alien shall not be deported because of such sentence. If we regard the deportation proceedings as being initiated by the warrant of the Secretary of Labor and that which follows as the manner of deportation, then the recommendation of the trial judge would be unavailing. If, however, we regard the sentence itself as an essential element of the deportation authorized by 8 USCA §§ 155, 156, as we have held in our previous decisions, then it is a part of the "manner" of deportation. We think this was the view of Congress in adopting the amendment of 1931 (8 USCA § 156a), and there was no intention to deprive the alien of the benefit of the recommendation of the trial judge against deportation. Indeed, the broadening of the statute to include every type of infraction of laws for the regulation of narcotics, etc., would point to the necessity of confirming the authority of the trial judge in cases of minor importance in the right and duty of making such a recommendation. We conclude that, whether we take a narrow and technical view of the provisions of the act of 1931 or the broader view, the recommenda-

tion of the trial judge against deportation is effective and controlling in the case at bar.

Order reversed, and trial judge directed to enter an order releasing the prisoner from custody.