### IANNI v. HARRIS et al.
### No. 9257.

Circuit Court of Appeals, Fifth Circuit.

May 15, 1940.

Rehearing Denied July 8, 1940.

Maury Hughes, of Dallas, Tex., for appellant.

Clyde O. Eastus, U. S. Atty., of Fort Worth, Tex., for appellees.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Frank Ianni, an alien, entered the United States in 1914. On May 6, 1937, the Department of Labor issued a warrant of arrest for the purpose of having a deportation hearing. The warrant was served on Ianni and about June 9, 1937, he was given a full and complete hearing at Leavenworth, Kansas. On September 9, 1938, he was ordered deported and a deportation warrant was issued from the Department of Labor. When ordered to present himself at the port of Galveston on July 5, 1939, for deportation, he sued out a writ of habeas corpus. After a hearing the court dismissed the writ and Ianni appealed.

In 1926 Ianni was convicted at New Orleans for violation of the Harrison Anti-Narcotic Act, 26 U.S.C.A.Int.Rev.Code, §§ 2550 et seq., 3220 et seq., and was sentenced to serve a year and a day in the United States Penitentiary at Atlanta. On April 2, 1937, at Dallas, Texas, he entered pleas of guilty to two indictments charging violation of the provisions of the Harrison Anti-Narcotic Act and the Drugs Import and Export Act. In each of these cases he was sentenced to serve a term of two years in the United States Penitentiary at Leavenworth, Kansas, the sentences to run concurrently.

The deportation warrant issued from the Department of Labor was based upon Section 156a, Title 8 U.S.C.A., which provides for the deportation of "Any alien (except an addict who is not a dealer * * *) who, after February 18, 1931, shall be convicted and sentenced for violation of or conspiracy to violate any statute of the United States taxing, prohibiting, or regulating" the traffic in certain described narcotic drugs. Ianni does not come within the exception relating to persons addicted to the use of narcotics.

The appellant contends here as he did in the court below that he was not subject to deportation for the reason that his conviction at Dallas in 1937 occurred more than five years after his entry into the United States. He relies upon the qualifying phrase, "within five years after entry," contained in the first clause of

Section 155, Title 8 U.S.C.A., and further contends that Section 156a is not applicable to his case.

Section 156a, while referring to Sections 155 and 156 for the manner of deportation of aliens, contains no period of limitation with respect to deportation of aliens convicted and sentenced for "violation of or conspiracy to violate" the narcotic laws. The five year limitation period provided for in Section 155 has no application in this case. Costanzo v. Tillinghast, 287 U.S. 341, 53 S.Ct. 152, 77 L.Ed. 350; United States ex rel. Azzarello v. Kessler, 5 Cir., 88 F.2d 301; United States ex rel. Grimaldi v. Ebey, 7 Cir., 12 F.2d 922; Chung Que Fond v. Nagle, 9 Cir., 15 F.2d 789.

The judgment is affirmed.