UNITED STATES v. GEORGE WING.
SAME v. SANG WAH. SAME v.
CHIN LEE.

(District Court, D. Nevada. May 15, 1925.)

Nos. 6027, 6405, 6537.

Aliens ⊂⟩53 — Right to deport for conviction under Narcotic Act subject to recommendation of judge.

Narcotic Act Feb. 9, 1909, § 2, subd. (e), as amended by Act May 26, 1922 (Comp. St. Ann. Supp. 1923, § 8801), providing that an alien convicted under subdivision (c) shall be deported "in accordance with" Immigration Act Feb. 5, 1917, §§ 19, 20 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 4289¼jj, 4289¼k), *held* to make right to deport subject to recommendation of judge, as provided by section 19, that alien be not deported, though the crimes covered by section 2, subd. (e), do not involve moral turpitude.

George Wing (alias Charley Gee), Sang Wah, and Chin Lee were convicted of violation of the Narcotic Act, and the United States moves to modify the judgments. Motions denied.

KERRIGAN, District Judge. Two of these defendants have pleaded guilty and the other has been convicted of violation of the Narcotic Drugs Import and Export Act of February 9, 1909, as amended by the Act of May 26, 1922 (Comp. St. Ann. Supp. 1923, §§ 8800, 8801, 8801c–8801d, 8801f, 8801g), and in pronouncing judgment in each of these cases, among other things, the court directed that the defendant be not deported. The government, taking the position that this recommendation was without the power of the court, now moves to strike the same from the judgments.

Subdivision (e) of section 2 of the Narcotic Act of 1922 (Comp. St. Ann. Supp. 1923, § 8801) provides that aliens convicted under that act shall be deported in accordance with sections 19 and 20 of the act of 1909 as amended in 1922 (the Immigration Act). The question to be decided is: What did Congress intend by the phrase "in accordance with sections 19 and 20"? It is the contention of the government that by the use of this phrase Congress intended to provide only the manner, and not the conditions, upon which aliens convicted under the act may be deported. This position is not maintainable. If such had been the intention of Congress, it would have said "in accordance with section 20"; the only provision of the Immigration Act providing the manner of deportation.

Section 2, subd. (e), of the Narcotic Act, provides: "Any alien who at any time after his entry is convicted under subdivision (c) shall, upon the termination of the imprisonment imposed by the court upon such conviction and upon warrant issued by the Secretary of Labor, be taken into custody and deported in accordance with the provisions of sections 19 and 20 of the Act of February 5, 1917, entitled 'An act to regulate the immigration of aliens to, and the residence of aliens in, the United States,' or provisions of law hereafter enacted which are amendatory of, or in substitution for, such sections."

Section 19 of the Act of February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), provides for the deportation of certain classes of undesirable aliens, as well as for that of any alien who has been (1) sentenced to imprisonment for a term of one year or more because convicted of a crime involving moral turpitude, committed within five years after entry to the United States; or (2) sentenced more than once to such term because convicted of any crime involving moral turpitude, committed at any time after entry; or (3) convicted and imprisoned for a violation of any of the provisions of section 4 of the Immigration Act; which forbids the importation of aliens for immoral purposes; or (4) convicted, or admitting the commission, prior to entry, of a felony or other crime or misdemeanor involving moral turpitude. This section also provides that its provisions "respecting the deportation of aliens convicted of a crime involving moral turpitude shall not apply * * * if the court * * * make a recommendation to the Secretary of Labor that such alien shall not be deported in pursuance of this Act."

Section 20 of the same act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼k) specifies the manner and the procedure to be followed in such deportation proceedings.

The provisions of the said Narcotic Act must therefore, by the very language of that act itself, be read in connection with section 19 of the act of 1917, and the deportation must be "in accordance with" the provisions of section 19, as well as with section 20. Section 19 does not contain any provision as to the manner and procedure on deportation; such provisions are contained in section 20. There is only one clause in section 19 which could in any possible way limit, qualify, or define the right to deport for violations of the act of 1922, and that is the "recommendation" clause.

But it is to be observed that there are no provisions in the section respecting the de-

portation of "aliens convicted of a crime involving moral turpitude" as such. The provisions referred to cover only certain specified offenses. It is true that each of them involves moral turpitude, and it is this very fact which renders substantially accurate the the allusion to the provisions of the section respecting the deportation of aliens "convicted of a crime involving moral turpitude"; but no classification was being made of offenses involving or not involving that element. When, therefore, in a subsequent act, deportation of a person convicted of a crime specified, and which does not involve moral turpitude, is provided for, and it is to be made in accordance with the provisions of said sections 19 and 20, there is no warrant for saying that the recommendation provision does not apply, for the reason that to render them applicable the offense must be one involving moral turpitude. This is the more apparent, since, if any reasonable distinction is to be made in the matter of deportation of criminal aliens, between offenses involving moral turpitude and those which do not, it would be in favor of the latter rather than the former.

In brief, then, when Congress created a new class of crimes in 1922, by the Narcotic Act of that year, for which aliens could be deported, by virtue of express language it incorporated the recommendation clause of the act of 1917, just as fully as if the said clause were amended to read: "That the provisions of the section respecting the deportation of aliens convicted of a crime involving moral turpitude, or convicted of a violation of the act of 1922. * * * *" But the point has been put beyond cavil by the Circuit Court of Appeals of the Ninth Circuit, in the cases of Hampton v. Wong Dick, 299 F. 289.

There, as here, the defendants had violated the Narcotic Act of 1922 (commonly called the Jones-Miller Act), and the court in the judgment recommended to the Secretary of Labor that the defendants be not deported, and that at the expiration of their sentences they be released and discharged from custody. The Secretary of Labor took the same position as he has taken here. In that case the Circuit Court of Appeals, speaking through Mr. Justice Gilbert, said: "We think there can be no doubt that the later act, which [act] provides that an alien convicted thereunder shall be taken into custody and deported 'in accordance with the provisions of sections 19 and 20 of the Act of February 5, 1917,' adopts the whole of the provisions relative to deportation contained

6 F.(2d)—57

in those sections, and that the present cases are controlled by section 19." Clearer language than this could not be used.

Upon further consideration, I have reached the conclusion that the sentence in the case of United States of America v. Chin Lee is too severe, and it is modified by reducing the term of the sentence from four years to three years; the judgment in all other respects to stand as rendered.

The motions of the government to modify the judgments, however, are denied, and to each of these orders the government is allowed an exception.

Motions denied.