# In re Thay KHOURN, Respondent

File A22 483 512 - El Paso

*Decided October 31, 1997*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A conviction for distribution of cocaine under 21 U.S.C. § 841(a)(1) (1988), is a conviction for a crime involving moral turpitude within the meaning of section 241(a)(2)(A)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(A)(ii) (1994), where knowledge or intent is an element of the offense. Matter of Serna, 20 I&N Dec. 579 (BIA 1992), modified.

FOR THE RESPONDENT: Monty B. Roberson, Esquire, El Paso, Texas

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Amy L. Brice, Assistant District Counsel

BEFORE: Board Panel: HOLMES, FILPPU, GUENDELSBERGER, Board Members.

HOLMES, Board Member:

In a decision dated January 16, 1996, the Immigration Judge found that the Immigration and Naturalization Service failed to establish that the respondent was deportable as charged and terminated the proceedings. The Immigration and Naturalization Service has appealed. The issue raised by the Service is whether the offense of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (1988), constitutes a crime involving moral turpitude for purposes of section 241(a)(2)(A)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(A)(ii) (1994).[1] We hold that it does. Therefore, the appeal will be sustained. The record will be remanded to the Immigration Judge to continue with the respondent's deportation hearing.

---

[1] Section 241(a)(2)(A)(ii) of the Act was amended by section 308(f)(l)(N) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-621 ("IIRIRA"), and redesignated as section 237(a)(2)(A)(ii) of the Act by section 305(a)(2) of the IIRIRA, 110 Stat. at 3009-597, applicable to cases initiated on or after April 1, 1997. Thus, the respondent is not subject to the amended ground of deportability.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The respondent is a native and citizen of Cambodia who entered the United States on or about February 22, 1977. The record reflects that as a result of a guilty plea, the respondent was convicted on April 27, 1990, in the United States District Court for the Northern District of Texas, on one count of possession with the intent to distribute and distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (1988). The respondent was sentenced to 33 months' imprisonment.

On July 22, 1992, the Service issued an Order to Show Cause and Notice of Hearing (Form I-221) charging the respondent with deportability under section 241(a)(2)(B)(i) of the Act, as an alien convicted of violating a law relating to a controlled substance, and under section 241(a)(2)(A)(iii) of the Act, for an aggravated felony conviction. The respondent was subsequently granted a waiver of these grounds of deportability under section 212(c) of the Act, 8 U.S.C. § 1182(c) (Supp. V 1993), and his deportation proceedings were terminated.

The record further reflects that on February 2, 1995, the respondent was convicted in the Criminal District Court in Dallas, Texas, of theft of property and was sentenced to 10 years' imprisonment.[2] On October 11, 1995, the Service issued another Order to Show Cause charging the respondent with deportability under section 241(a)(2)(A)(ii) of the Act, for conviction of two or more crimes involving moral turpitude.

At his deportation hearing, the respondent admitted the factual allegations in the Order to Show Cause but denied deportability. He argued that his conviction for possession with intent to distribute and distribution of cocaine under 21 U.S.C. § 841(a)(1) was not for a crime involving moral turpitude. The Service argued to the contrary.

The Immigration Judge relied on *Matter of Serna*, 20 I&N Dec. 579 (BIA 1992), to determine whether the conviction for possession with intent to distribute and distribution of cocaine was for a crime involving moral turpitude. Although the Federal statute required proof that the perpetrator "knowingly or intentionally" committed the offense, the Immigration Judge found that the respondent's conviction was not for a crime involving moral turpitude because the underlying behavior was not "inherently base and vile so as to shock the conscience of the community." Therefore, the Immigration Judge found that the Service had not met its burden of proving by clear, unequivocal, and convincing evidence that the respondent had been convicted of two crimes involving moral turpitude in violation of section 241(a)(2)(A)(ii) of the Act.

---

[2] Pursuant to section 321(b) of the IIRIRA, 110 Stat. at 3009-628, the respondent's theft conviction is now for an aggravated felony under section 101(a)(43)(G) of the Act (to be codified at 8 U.S.C. § 1101(a)(43)(G)).

## II. CONTENTIONS ON APPEAL

On appeal, the Service contends that the respondent's violation of 21 U.S.C. § 841(a)(1), for knowing or intentional distribution of a controlled substance and possession with intent to distribute, is a crime involving moral turpitude because it is knowing or intentional participation in the distribution of drugs. The Service cites Federal and State cases where the courts have found convictions for possession with intent to sell and distribution of illicit drugs to involve moral turpitude. The Service argues that the respondent's conviction is distinguishable from those in *Matter of Abreu-Semino*, 12 I&N Dec. 775 (BIA 1968), where the Board held that convictions for unlawful possession and sale of LSD under 21 U.S.C. §§ 331(q)(2) and (3)[3] were not convictions for crimes involving moral turpitude because intent was nowhere mentioned in defining the prohibited acts.

The respondent argues that *Matter of Abreu-Semino, supra,* and *Matter of Serna, supra*, clearly establish that a conviction for the sale and delivery of drugs is not a conviction for a crime involving moral turpitude. However, the respondent did not address the Service's argument that the respondent's conviction under 21 U.S.C. § 841(a)(1) is distinguishable from the convictions under 21 U.S.C. §§ 331(q)(2) and (3) in *Matter of Abreu-Semino, supra*. Nor did the respondent address the Service's contention that the respondent's conviction under 21 U.S.C. § 841(a)(1) met the requirement of "evil intent" set forth in *Matter of Serna, supra*.

Neither party challenges the Immigration Judge's conclusion that the respondent has committed at least one crime involving moral turpitude, to wit, theft of property. In addition, it is clear that the respondent's conviction under 21 U.S.C. § 841(a)(1) may be alleged as one of the "two crimes involving moral turpitude" in this proceeding, even though he was previously granted a discretionary waiver of deportation under section 212(c) of the Act for this offense. *Matter of Balderas*, 20 I&N Dec. 389 (BIA 1991); *Matter of Mascorro-Perales*, 12 I&N Dec. 228 (BIA 1967).

## III. ISSUE

The only issue on appeal is whether the respondent's conviction for possession with intent to distribute and distribution of cocaine under 21 U.S.C. § 841(a)(1) constitutes a second conviction for a crime involving moral

---

[3] The statute at 21 U.S.C. §§ 331(q)(2) and (3) provided as follows:

The following acts and the causing thereof are prohibited:

(q) . . . (2) the sale, delivery, or other disposition of a drug in violation of section 511(b);
(3) the possession of a drug in violation of section 511(c) . . . .

*See* Drug Abuse Control Amendments of 1965, Pub. L. No. 89-74, § 5, 79 Stat. 226, 232, *repealed by* Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub. L. No. 91-513, § 701(a), 84 Stat. 1236, 1281.

turpitude. This question seldom arises as an issue of significance because a conviction for drug distribution in and of itself renders the alien inadmissible, deportable, and ineligible for relief in circumstances at least as restrictive as where an alien has a conviction for a crime involving moral turpitude. *See* sections 101(a)(43), (f), 212(a)(2)(C), 241(a)(2)(B), 244(a), (e) of the Act, 8 U.S.C. §§ 1101(a)(43), (f), 1182(a)(2)(C), 1251(a)(2)(B), 1254(a), (e) (1994).

## IV. ANALYSIS

### A. Moral Turpitude

The term "moral turpitude" has deep roots in the law. For example, the presence of moral turpitude has been used as a standard in legislation governing the disbarment of attorneys and the revocation of medical licenses. *Jordan v. De George*, 341 U.S. 223 (1951). Moral turpitude also has found judicial employment as a criterion in disqualifying and impeaching witnesses and in determining the measure of contribution owed between joint tortfeasors. *Id.*

In a determination whether a crime involves moral turpitude, the statute under which the conviction occurred is controlling. *Matter of Franklin*, 20 I&N Dec. 867 (BIA 1989), *aff'd*, 72 F.3d 571 (8th Cir. 1995), *cert. denied,* 117 S. Ct. 105 (1996); *Matter of Short*, 20 I&N Dec. 136 (BIA 1989). If the statute defines a crime in which turpitude necessarily inheres, then for immigration purposes, the conviction is for a crime involving moral turpitude. *Matter of Short, supra*, at 137. The first step, therefore, in determining whether a crime involves moral turpitude is to determine from the record of conviction what law, or portion of law, was violated. *Matter of Esfandiary,* 16 I&N Dec. 659 (BIA 1979).

The respondent was convicted on one count of violating 21 U.S.C. § 841(a)(1)[4] which provides:

> Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
>
> (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

### B. Criminal Nature of The Statute

We first note that 21 U.S.C. § 841(a)(1) was enacted as section 401(a)(1) of the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub. L. No. 91-513, 84 Stat. 1236, *reprinted in* 1970 U.S.C.C.A.N. 1437, 1466.

---

[4] The three-count indictment alleges that the respondent

knowingly and intentionally did possess with the intent to distribute and did distribute a controlled substance, to wit: cocaine, a schedule II controlled substance, . . . [e]ach in violation of Title 21, United States Code, Section 841(a)(1).

The criminal penalties, procedures, and sentencing guidelines for violations of the Comprehensive Drug Abuse Prevention and Control Act of 1970 are described in titles 18 and 28 of the United States Code, entitled Crimes and Criminal Procedure and Judiciary and Judicial Procedure, respectively. *See, e.g.,* 18 U.S.C. §§ 36(a)(3), 3553(f), 3559(c)(2)(H), 3582(d), 3592(c)(12), 3663(a)(1)(A), (c)(1) (1994); 28 U.S.C. §§ 994(h)(1)(B), (2)(B) (1994); *see also* 18 U.S.S.G. §§ 2D1.1(a)(1), (2), 2D1.11(b)(2), 5C1.2 (sentencing guidelines). The statute under which the respondent was convicted, 21 U.S.C. § 841(a)(1), is therefore a criminal statute.

The legislative history further suggests that the statute is criminal rather than regulatory legislation. The Senate Report indicates that one of the goals of the statute was to "collect the diverse drug control and enforcement laws under one piece of legislation to facilitate law enforcement, drug research, educational and related control activities." S. Rep. No. 91-613, at 3 (1969). The House Report indicates that the principal purpose of the bill was as follows:

> The legislation is designed to deal in a comprehensive fashion with the growing menace of drug abuse in the United States (1) through providing authority for increased efforts in drug abuse prevention and rehabilitation of users, (2) through providing more effective means for *law enforcement* aspects of drug abuse prevention and control, and (3) by providing for an overall balanced scheme of *criminal penalties* for offenses involving drugs.

H.R. Rep. No. 91-1444, at 2 (1970), *reprinted in* 1970 U.S.C.C.A.N. 4566, 4567 (emphasis added); *see also* H.R. Conf. Rep. No. 91-1603, at 1 (1970), *reprinted in* 1970 U.S.C.C.A.N. 4566, 4657.

In *Matter of Y-*, 2 I&N Dec. 600 (BIA 1946), we reviewed a Canadian statute which had been judicially interpreted as being principally criminal rather than licensing legislation. As a result, we held that the illegal sale and distribution of narcotics in violation of section 4(1)(f) of the Dominion Opium and Narcotic Drug Act of 1923 was a crime of moral turpitude. *Cf. United States ex rel. Andreacchi v. Curran*, 38 F.2d 498 (2d Cir. 1926) (holding that a conviction for failing to register and pay a tax in violation of the Harrison Anti-Narcotic Act of 1917 is not a crime involving moral turpitude because the statute is regulatory in nature); *Matter of G-Y-G-*, 4 I&N Dec. 211, 212-13 (BIA 1950) (finding that knowing and willful sale and distribution of opium in violation of regulatory statutes, the Harrison Anti-Narcotic Act of 1917 and the Jones-Miller Act of 1922, was not a crime involving moral turpitude); *Matter of V-*, 1 I&N Dec. 160 (BIA 1941) (finding that transferring marihuana in violation of a tax act is not a crime involving moral turpitude).

## C. Mental State

We find that the crime in the present case is distinguishable from the offense committed in *Matter of Abreu-Semino, supra.* The respondent in *Matter of Abreu-Semino* was convicted under a statute that was regulatory in

nature and did not require a knowing or intentional state of mind. *See also Matter of R-,* 4 I&N Dec. 644 (BIA 1952) (finding that conviction for unlawfully dispensing narcotic drugs is not a crime involving moral turpitude because no element of intent, motive, or knowledge is required for a conviction). In the instant case, the respondent was convicted under a criminal statute which clearly requires a mental state of knowledge or intent. Such knowledge or intent has been deemed essential for a finding of moral turpitude. *See, e.g., Matter of Danesh*, 19 I&N Dec. 669 (BIA 1988); *cf. Matter of Serna, supra* (requiring not only knowledge that an immigration document was altered, but also an intent to use it unlawfully.)

### D. Evil Intent

The Board has held that "evil intent" is a requisite element for a crime involving moral turpitude. *Matter of Serna, supra,* at 582; *Matter of R-, supra.* A review of recent and historical Federal and State court precedents indicates that evil intent has been found to be inherent in the sale and distribution of controlled substances. *See, e.g., United States ex rel. DeLuca v. O'Rourke,* 213 F.2d 759, 762 (8th Cir. 1954) (stating that "there can be nothing more depraved or morally indefensible than conscious participation in the illicit drug traffic"); *Portaluppi v. Shell Oil Co.*, 684 F. Supp. 900, 904 (E.D. Va. 1988) (stating that cocaine offense is profoundly offensive to contemporary moral and ethical values), *aff'd*, 869 F.2d 245 (4th Cir. 1989); *Matter of Marquardt,* 778 P.2d 241, 247 (Ariz. 1989) (holding that sale of illicit drugs involves the intent to corrupt others); *People v. Castro*, 696 P.2d 111 (Cal. 1985) (same); *Matter of Chase*, 702 P.2d 1082, 1090 (Or. 1985) (finding that one who sells prohibited substances directly contributes to the physical harm of the purchaser).

Congress has also recognized the evils involved in drug trafficking. In 1956, Congress explained in legislative history that "[t]here are few criminal acts that are more reprehensible than the act of abetting drug addiction by engaging in the illicit narcotic and marihuana traffic." H.R. Rep. No. 84-2388 (1956), *reprinted in* 1956 U.S.C.C.A.N. 3274, 3285. Narcotics trafficking was also described as "murder on the installment plan." *Id.* at 3304.

Although courts disagree whether mere possession of controlled substances is a crime involving moral turpitude,[5] both Federal and State courts

---

[5] *Hampton v. Wong Ging*, 299 F. 289, 290 (9th Cir. 1924) (holding that a possession conviction under the Narcotic Act was not of itself a crime of "moral turpitude"); *Alexander v. Exxon Co.,* 949 F. Supp. 1248 (M.D.N.C. 1996). *But see Portaluppi v. Shell Oil Co., supra* (holding that mere possession of cocaine was a crime involving moral turpitude); *Muniz v. State of Texas*, 575 S.W.2d 408 (Tex. Civ. App. 1978) (finding that a conviction for conspiring to possess with intent to distribute 1,100 pounds of a controlled substance is a felony involving moral turpitude). We need not reach the issue of whether a conviction for possession with intent to distribute is a crime involving moral turpitude, as the respondent was convicted of both possession and distribution of cocaine.

concur that participation in illicit drug trafficking is a crime involving moral turpitude. *Atlantic Richfield Co. v. Guerami*, 820 F.2d 280 (9th Cir. 1987) (holding that possession with intent to distribute is a crime involving moral turpitude); *Matter of Gorman*, 379 N.E.2d 970, 971-72 (Ind. 1978) (holding that conviction under 21 U.S.C. § 841(a)(1) for possession with intent to distribute, conspiracy, and distribution of cocaine is a crime involving moral turpitude); *Muniz v. State of Texas*, 575 S.W.2d 408 (Tex. Civ. App. 1978) (holding that conviction for willfully, knowingly, and unlawfully conspiring to import a controlled substance is for a crime involving moral turpitude and is grounds for disbarment).

We find that an evil intent is inherent in the crime of distribution of a controlled substance under 21 U.S.C. § 841(a)(1). Consequently, we conclude that the respondent's conviction under that statute is for a crime involving moral turpitude. To the extent that *Matter of Serna, supra*, is inconsistent with this holding, it is hereby modified.

## E. Judicial Recommendations Against Deportation

The history of judicial recommendations against deportation also supports the view that distribution of a controlled substance is a crime involving moral turpitude. The Immigration Act of 1917 provided for judicial recommendations against deportation for crimes involving moral turpitude as follows:

> [T]he provision of this section respecting the deportation of aliens convicted of a crime involving moral turpitude shall not apply to one who has been pardoned, nor shall such deportation be made or directed if the court, or judge thereof, sentencing such alien for such crime shall, at the time of imposing judgment or passing sentence or within thirty days thereafter, due notice having first been given to the representatives of the State, make a recommendation to the Secretary of Labor that such alien shall not be deported in pursuance of this Act . . . .

Immigration Act of 1917, ch. 29, § 19, 39 Stat. 874, 889, *repealed by* Immigration and Nationality Act of 1952, Pub. L. No. 82-414, § 403(a)(13), 66 Stat. 163, 279; *see also* former section 241(b) of the Act, 8 U.S.C. § 1251(b) (1988), *repealed by* Immigration Act of 1990, Pub. L. No. 101-649, § 602(b), 104 Stat. 4978, 5081.

In 1922, the Narcotic Drugs Import and Export Act created a ground of deportability for narcotics offenses, which did not previously exist as a separate deportable offense. Act of May 26, 1922, Pub. L. No. 67-227, § 2(e), 42 Stat. 596, 597; *see also* section 241(a)(2)(B) of the Act. However, the Federal courts issued judicial recommendations against deportability for aliens convicted of narcotics offenses, finding that they were crimes involving moral turpitude. For example, in *United States ex rel. DeLuca v. O'Rourke, supra,* the United States Court of Appeals for the Eighth Circuit found that an alien convicted of illicit trafficking in narcotic drugs under 21 U.S.C. § 174 (1940) was eligible for a judicial recommendation against deportation. *See also Dang Nam v. Bryan*, 74 F.2d 379 (9th Cir. 1934) (upholding judicial

recommendation against deportation for possession of imported smoking opium, a crime involving moral turpitude); *United States v. Wing*, 6 F.2d 896 (9th Cir. 1925) (finding that deportability of an alien convicted of a narcotics offense is subject to judicial recommendation against deportation); *Hampton v. Wong Ging*, 299 F. 289, 290 (9th Cir. 1924) (holding that sections 19 and 20 of the Immigration Act of 1917 authorized recommendations against deportation for an alien convicted of narcotics offenses if the offense involved moral turpitude).

In reaction to the growing number of judicial recommendations against deportation granted to aliens deportable for narcotics offenses, the Narcotic Control Act of 1956 prohibited judicial recommendations against deportation in cases involving narcotics offenses. Narcotic Control Act of 1956, ch. 629, § 301(c), 70 Stat. 567, 575, *reprinted in* 1956 U.S.C.C.A.N. 651, 662, *amending* 8 U.S.C. § 1251(b), *repealed by* Immigration Act of 1990, Pub. L. No. 101-649, § 602(b), 104 Stat. 4978, 5081. Section 301(c) of the Narcotic Control Act of 1956 provided:

> The provisions of this subsection shall not apply in the case of any alien who is charged with being deportable from the United States under subsection (a)(11) of this section [which was codified as amended at 8 U.S.C. § 1251(a)(2)(B)].

The Conference Report to the 1956 Act indicated that section 241(b) was amended to clearly state that "this provision does not permit judicial recommendation against deportation of an alien convicted of a narcotic offense. Clarification of this provision has been made desirable by reason of the decisions [granting judicial recommendations against deportation for narcotic offenses.]" H.R. Conf. Rep. No. 84-2546 (1956), *reprinted in* 1956 U.S.C.C.A.N. 3315, 3321; *see also* S. Rep. No. 84-3760 (1956) (letter from William P. Rogers, Deputy Attorney General, indicating that the amendment would make judicial recommendations against deportation "inapplicable to any alien charged with being deportable under section 241(a)(11)").

Congress did not dispute the judicial findings that narcotics offenses were crimes involving moral turpitude, but rather prohibited judicial recommendations against deportation for narcotic offenses in light of the "evils" and "social malignancy" caused by illicit trafficking. The fact that Congress eliminated judicial recommendations against deportation for narcotics offenses thus illustrates that it also considered controlled substance offenses to be crimes involving moral turpitude that were so destructive to society that the perpetrators should not be exempt from deportation.

## V. CONCLUSION

We find that the instant case is distinguishable from *Matter of Abreu-Semino, supra,* and the cases it relied on, where the statutes violated were regulatory in nature and did not contain an element of criminal intent. It is more akin to *Matter of Y-, supra*, where we found that the crime of illegal

sale of narcotics was one involving moral turpitude. The respondent was convicted of an inherently evil act under a criminal statute that requires a knowing or intentional state of mind. We therefore find that the Service has established that the law under which this respondent was convicted defines a crime to which moral turpitude necessarily inheres. Consequently, we conclude that the respondent has been convicted of two crimes involving moral turpitude and is deportable as charged under section 241(a)(2)(A)(ii) of the Act.

**ORDER:**     The appeal is sustained.

**FURTHER ORDER:**     The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and the entry of a new decision.