**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1045
_____

GURPREET SINGH,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Final Order of the
Board of Immigration Appeals
No. A060-605-541
Immigration Judge: Steven A. Morley
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
December 16, 2022

Before: RESTREPO, McKEE, and SMITH *Circuit Judges*

(Opinion filed: August 17, 2023)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge.*

Gurpreet Singh petitions for review of the Board of Immigration Appeals'

decision concluding he is removable under 8 U.S.C. § 1227(a)(2)(A)(i), for having been

convicted of a crime involving moral turpitude. For the following reasons, we will grant

the petition and vacate the BIA's decision holding that Singh was convicted of a CIMT.

**I.**

Gurpreet Singh, a citizen of India, was admitted to the United States as a lawful

permanent resident in May 2009. A married father of two, Singh operated two

convenience stores in central Pennsylvania. In November 2011, two Pennsylvania State

Police Troopers searched one of Singh's stores and found "incense" for sale that

contained JWH-122, a form of synthetic marijuana that was controlled under

Pennsylvania law but not under federal law. Singh pled guilty to conspiracy (18 Pa. Cons.

Stat. § 903(a)(1)) and possession with intent to distribute a counterfeit controlled

substance (35 Pa. Cons. Stat. § 780-113(a)(30)) in June 2013.

The Department of Homeland Security charged Singh with removability under 8

U.S.C. § 1227(a)(2)(A)(i), for having been convicted of a crime involving moral

turpitude.[1] Applying the modified categorical approach, the Board of Immigration

---

[1] This petition marks Singh's second appearance before our Court. When he was charged with removability on the basis of being convicted of a CIMT, he was also charged with removability on two other grounds: (1) having committed an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(B) (illicit trafficking in a controlled substance), *see* 8 U.S.C. § 1227(a)(2)(A)(iii) and (2) violating (or conspiring to violate) any state law or regulation relating to a federally controlled substance, *see* 8 U.S.C. § 1127(a)(2)(B)(i). An Immigration Judge found that Singh was removable as charged on all three grounds.

Appeals determined that Section 780-113(a)(30) defined a CIMT. The Board "remain[ed] convinced . . . that the unlawful delivery of illegal drugs, '[a]n act which creates human misery, corruption, and moral ruin in the lives of individuals is necessarily so base and shameful as to leave the offender not wanting in the depravity which the words "moral turpitude" imply.'"[2] The Board then remanded the matter to the Immigration Judge to consider whether Singh was eligible for relief from removal.

On remand, the IJ found Singh ineligible for relief and ordered him removed on the basis of having committed a CIMT. Singh again appealed to the Board, asserting that his conviction was not a CIMT and that the phrase CIMT is unconstitutionally vague as applied in his case. The Board disagreed. Incorporating the reasoning of its May 2017 decision, the Board held that Singh's conviction qualified as a CIMT and declined to rule on Singh's constitutional vagueness arguments. This appeal followed.

---

The Board of Immigration Appeals dismissed Singh's appeal, concluding that his "conviction under § 780-113(a)(30) [was] a 'drug trafficking crime' aggravated felony by virtue of its categorical correspondence to the Federal felony offense of possession with the intent to distribute or dispense a counterfeit substance defined by 21 U.S.C. § 841(a)(2)." AR 452.

Singh filed a petition for review, which this Court granted, holding that "Singh's crime of conviction does not sufficiently match the elements of the generic federal offense, and his conviction under section 780-113(a)(30) was not for an aggravated felony." *Singh v. Att'y Gen.*, 839 F.3d 273, 285-86 (3d Cir. 2016). This Court remanded the matter to the Board.

In May 2017, the Board held that Singh was not removable for violating (or conspiring to violate) a state law relating to a federally controlled substance because the synthetic marijuana at issue was not included in the federal controlled substance schedules. But the Board nevertheless found Singh was removable because he had been convicted of a CIMT, a question which it had declined to address in its first decision. This is the determination that we now address.

[2] AR 382, quoting *Matter of Y-, 2* I&N Dec. 600, 602 (BIA 1946).

## II. [3]

We defer to the BIA's definition of moral turpitude and its determination that a certain crime involves moral turpitude when that determination is reasonable.[4] We owe no deference, however, to the administrative interpretation of a state criminal statute.[5] In particular, we accord no deference to the BIA's determination of "the elements . . . of a particular criminal statute deemed to implicate moral turpitude."[6]

The BIA defines a CIMT as an offense involving "reprehensible conduct committed with a culpable mental state."[7] Conduct is reprehensible if it is "inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general."[8] An act is turpitudinous if it "is accompanied by a vicious motive or a corrupt mind."[9] Thus, an "evil intent" is a requisite element of a morally turpitudinous offense.[10]

---

[3] The Board's jurisdiction arose under 8 C.F.R. §§ 1003.1(b)(3) and 1240.15, granting it appellate jurisdiction over decisions of Immigration Judges in removal proceedings. This Court's jurisdiction over Singh's petition for review arises under 8 U.S.C. § 1252(a)(1), which confers exclusive jurisdiction on the courts of appeals to review final removal orders issued by the Board.

[4] *Mehboob v. Att'y Gen. U.S.*, 549 F.3d 272, 275 (3d Cir. 2008).

[5] *Castillo v. Att'y Gen. U.S.*, 729 F.3d 296, 302 (3d Cir. 2013).

[6] *Partyka v. Att'y Gen. U.S.*, 417 F.3d 408, 411 (3d Cir. 2005) (citing *Knapik v. Ashcroft*, 384 F.3d 84, 88 (3d Cir.2004)).

[7] *See Matter of Silva-Trevino*, 26 I&N Dec. 826, 834 (BIA 2016).

[8] *Id.* at 833; *see Knapik v. Ashcroft*, 384 F.3d 84, 89 (3d Cir. 2004) (citing *Matter of Franklin*, 20 I&N Dec. 867, 868 (BIA 1994)).

[9] *See Partyka v. Att'y Gen. U.S.*, 417 F.3d 408, 413 (3d Cir. 2005).

[10] *See id.* (citing *Matter of Khourn*, 21 I&N Dec. 1041,1046 (BIA 1997) stating, "'evil intent' is a requisite element for a crime involving moral turpitude"); *see also Matter of Flores*, 17 I&N Dec. 225, 227 (BIA 1980) ("An evil or malicious intent is said to be the essence of moral turpitude."); *Matter of Abreu-Semino*, 12 I&N Dec. 775, 777 (BIA 1968) (providing "moral turpitude normally inheres in the intent").

In our previous analysis of Section 780–113(a)(30), we determined that the "particular controlled substance at issue" is an element of the statute.[11] Because Section 780–113(a)(30) "is divisible with regard . . . to the controlled substances to which it applies," we apply the modified categorical approach.[12] We look to both the statute of conviction and a "limited class of documents" including "the charging document, plea agreement, and trial court judgment" to determine whether the noncitizen was convicted under the part of the statute defining a CIMT.[13] Thus, we must determine whether the controlled substances at issue—the synthetic marijuana—implicates moral turpitude.

Applying the BIA's definition, we examine whether Singh's sale of synthetic marijuana was "inherently base, vile, or depraved, and contrary to the accepted rules of morality"[14] and "accompanied by a vicious motive or a corrupt mind."[15] We hold that it was not.

As the BIA itself has explained, "the nature of a crime is measured against contemporary moral standards and may be susceptible to change based on the prevailing views in society."[16] The shifting moral standards surrounding marijuana—coupled with the legal ambiguity of its synthetic counterparts at the time of Singh's arrest—convince

---

[11] *Singh v. Att'y Gen. U.S.*, 839 F.3d 273, 284 (3d Cir. 2016).
[12] *Avila v. Att'y Gen. U.S.*, 826 F.3d 662, 666 (3d Cir. 2016). Section 780–113(a)(30) is also divisible with regard to conduct because it describes distinct offenses of manufacture, delivery, and possession with intent to deliver or manufacture. *Id.*
[13] *Id.*
[14] *Matter of Silva-Trevino*, 26 I&N Dec. 826, 833 (BIA 2016); *see Knapik v. Ashcroft*, 384 F.3d 84, 89 (3d Cir. 2004) (citing *Matter of Franklin*, 20 I&N Dec. 867, 868 (BIA 1994)).
[15] *See Partyka v. Att'y Gen. U.S.*, 417 F.3d 408, 413 (3d Cir. 2005).
[16] *In Re Lopez-Meza*, 22 I. & N. Dec. 1188, 1192 (BIA 1999).

us that Singh's possession with intent to distribute synthetic marijuana was not "inherently base, vile, or depraved, and contrary to the accepted rules of morality."[17]

The Ninth Circuit recently held that possession for sale of less than two pounds of marijuana was not a CIMT.[18] In *Walcott v. Garland*, the Court considered the increasingly positive societal attitudes toward marijuana and the growing number of states legalizing its use.[19] Citing these "[c]ontemporary societal attitudes," the *Walcott* Court ultimately held that possession for sale of less than two pounds of marijuana was not so "inherently base, vile, or depraved that [it] offend[ed] society's most fundamental values or shock[ed] society's conscience."[20]

Like the *Walcott* Court, we may consider "contemporary moral standards" when determining whether the sale of synthetic marijuana was a CIMT. As Singh points out, the cases establishing drug-trafficking as a CIMT involved cocaine and heroin.[21] Synthetic marijuana appeared in the United States for the first time in 2008 and, at the time of Singh's arrest in 2011, it was still considered a "recent phenomenon."[22] Often perceived as legal, synthetic marijuana was "typically advertised as herbal incense…by

---

[17] *Silva-Trevino*, 26 I&N Dec. at 833; *see Knapik*, 384 F.3d at 89.

[18] 21 F.4th 590, 599 (9th Cir. 2021).

[19] *Id.* at 600.

[20] *Id.* at 599. In emphasizing the "need to consider current moral standards in determining whether an offense is morally turpitudinous," the Ninth Circuit looked to our own precedential decision in *Chavez-Alvarez v. Attorney General*, 850 F.3d 583 (3d Cir. 2017). There, we held that a 2000 conviction for sodomy was not a CIMT in light of the Supreme Court's decision in *Lawrence v. Texas*, 539 U.S. 558, (2003).

[21] *See, e.g.*, *Matter of Khourn*, 21 I&N Dec. 1041,1046 (BIA 1997); *In the Matter of Y-----*, 2 I. & N. Dec. 600, 600 (BIA 1946).

[22] AR 901-902.

Internet retailers, tobacco shops, head shops and other domestic brick and mortar retail venues."[23] Its level of social acceptance was such that it was commonly sold at gas stations and convenience stores.[24] Indeed, Singh did not sell the synthetic marijuana that led to his arrest covertly or on a street corner. Like many other proprietors, he sold it openly from the counters of his store along with cigarettes and other items openly displayed.

Considering the increasing societal acceptance of marijuana and the legal confusion surrounding its synthetic counterparts, it would strain credulity to conclude that Singh's possession with intent to deliver was "inherently base, vile, or depraved, and contrary to the accepted rules of morality"[25] under contemporary moral standards and the then "prevailing views in society."[26] Given the unique circumstances here, we hold that the crime of which Singh was convicted was not a CIMT.[27]

**III.**

For the reasons described above, we will grant the petition for review and vacate the BIA's decision finding that Gurpreet Singh was convicted of a CIMT.

---

[23] AR 901.

[24] Pet'r's Reply Br., citing *AGs Seek To Get Synthetic Drugs Out Of Convenience Stores*, WRAL News (Feb. 10, 2015) https://www.wral.com/ags-seek-to-get-synthetic-drugs-out-of-convenience-stores/14437755/.

[25] *Matter of Silva-Trevino*, 26 I&N Dec. 826, 833 (BIA 2016).

[26] *In Re Lopez-Meza*, 22 I. & N. Dec. 1188, 1192 (BIA 1999).

[27] Because we hold that Singh was not convicted of a CIMT, we need not address his argument that the phrase "crime involving moral turpitude" is unconstitutionally vague.